UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TERRY HAMM, et al.,<br>　　　　Plaintiffs,<br>　v.<br>MERCEDES-BENZ USA, LLC,<br>　　　　Defendant. | Case No. 5:16-cv-03370-EJD<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 18 |

Plaintiffs bring various consumer protection claims arising from allegations that Defendant Mercedes-Benz USA, LLC ("MBUSA") knew of and actively concealed defects in vehicle transmission systems. MBUSA moves to dismiss for lack of standing and failure to state a claim. MBUSA's motion will be DENIED.

Case No.: 5:16-cv-03370-EJD
ORDER DENYING DEFENDANT'S MOTION TO DISMISS
1

## I. BACKGROUND

Plaintiffs are owners of Mercedes-Benz vehicles equipped with an allegedly defective automatic transmission known as the 722.9 7G-Tronic transmission. First Am. Compl. ("FAC") ¶ 1, Dkt. No. 17. Plaintiffs allege that the defect causes their vehicles to enter "limp mode" in which their vehicles cannot shift or accelerate. Id. ¶¶ 1, 7. They allege that MBUSA knew of this defect but failed to disclose it. Id. ¶¶ 6–13. They further allege that the defect typically manifests outside of the vehicles' warranty period, forcing consumers to bear the cost of replacing or repairing their transmissions. Id. They claim that MBUSA's conduct violated the California Consumer Legal Remedies Act ("CLRA"), the California Unfair Competition Law ("UCL"), and the Kansas Consumer Protection Act ("KCPA").[1]

MBUSA now moves to dismiss for lack of standing and failure to state a claim. Def.'s Mot. to Dismiss ("MTD"), Dkt. No. 18.

## II. LEGAL STANDARD

### A. Rule 12(b)(1)

Dismissal under Fed. R. Civ. P. 12(b)(1) is appropriate if the complaint fails to allege facts sufficient to establish subject-matter jurisdiction. Savage v. Glendale Union High Sch., 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). The Court "is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988). The nonmoving party bears the burden of establishing jurisdiction. Chandler v. State Farm Mut. Auto. Ins. Co., 598 F.3d 1115, 1122 (9th Cir. 2010).

### B. Article III Standing

To have standing, a plaintiff must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547 (2016). The plaintiff

---

[1] Plaintiffs' claims under Illinois law have been voluntarily dismissed. Dkt. No. 32.

Case No.: 5:16-cv-03370-EJD
ORDER DENYING DEFENDANT'S MOTION TO DISMISS
2

bears the burden of proving these elements. Id.

The plaintiff's injury must be "particularized" and "concrete." Id. at 1548. To be particularized, it "must affect the plaintiff in a personal and individual way." Id. To be concrete, it must be real, not abstract. Id. at 1548–49. A concrete injury can be tangible or intangible. Id. A statutory violation alone is not enough; the plaintiff must also allege a concrete harm. Id. at 1549 (a plaintiff cannot "allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirements of Article III").

If the plaintiff lacks Article III standing, then the case must be dismissed for lack of subject-matter jurisdiction. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 101–02 (1998).

### C. Rule 12(b)(6)

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of claims alleged in the complaint. Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). Dismissal "is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

## III. DISCUSSION

### A. Standing

First, MBUSA argues that Plaintiffs lack standing because MBUSA has no obligation to repair their vehicles outside of the warranty period. MTD 4–5. In response, Plaintiffs correctly point out that they allege claims under various consumer protection statutes, rather than warranty claims, and their consumer protection claims can proceed even if the warranty period has expired. Pls.' Opp'n to Def.'s Mot. to Dismiss ("Opp'n") 3–4, Dkt. No. 23; see also Chamberlain v. Ford Motor Co., No. C 03-2628 CW, 2003 WL 25751413 (N.D. Cal. Aug. 6, 2003).

Second, MBUSA argues that Plaintiffs have not alleged facts showing that their transmissions failed because of the alleged defect (instead of some other reason). MTD 6–8.

Case No.: 5:16-cv-03370-EJD
ORDER DENYING DEFENDANT'S MOTION TO DISMISS
3

MBUSA conflates the merits of Plaintiffs' claims with the question of whether Plaintiffs have standing. Plaintiffs will ultimately have to prove that the alleged defect caused their transmissions to fail, but at this stage they have adequately pleaded a causal connection between the alleged defect and the transmission failures.

Third, MBUSA argues that Plaintiffs lack standing to assert claims on a class basis for vehicles they do not own. MTD 8 ("Plaintiffs do not claim to own any other vehicles covered by the putative class, and fail to allege facts showing substantial similarity between the 12 years' worth of vehicles."). But Plaintiffs have alleged that all of the vehicles at issue share the same transmission system. These allegations are sufficient to confer standing. Whether Plaintiffs may assert claims on behalf of these vehicles' owners will be resolved at the class certification stage.

Accordingly, the Court finds that Plaintiffs have standing to pursue their claims.

**B.  Sufficiency**

First, MBUSA argues that Plaintiffs have failed to allege facts sufficient to show that a defect existed in 722.9 transmissions. MTD 11–13. The Court agrees with the Plaintiffs that the FAC sufficiently identities the transmission defect. Opp'n 11; FAC ¶ 1 ("As detailed, herein, the subject transmission is defective from the time of its manufacture, having a defect in the transmission's valve body and conductor plate that causes the transmission to fail prematurely . . . . [W]hen the transmission valve body or conductor plate fails in the Mercedes-Benz 722.9 transmission, a real safety hazard ensues. As a result of the defect, the transmission will have a difficult time shifting from first to second gear, and will not shift to higher gears, causing the vehicle to be unable to be driven at any speed.").

Second, MBUSA argues that Plaintiffs have failed to allege that the supposed defect poses an unreasonable safety hazard. MTD 13–16. MBUSA argues that Plaintiffs have not shown that they suffered any physical injury as a result of the transmission problem, and that "limp mode" in fact "provides a safety benefit by avoiding engine stalling and allowing the vehicle to be moved out of traffic." Id. at 14–15. The Court agrees with Plaintiffs that, notwithstanding possible safety benefits of "limp mode," the FAC adequately alleges an unreasonable safety hazard. See, e.g.,

Case No.: 5:16-cv-03370-EJD
ORDER DENYING DEFENDANT'S MOTION TO DISMISS
4

1    FAC ¶ 10 ("[A] car that erratically fails to shift and is forced to limp along at relatively slow
2    speeds on a freeway or busy roadway poses a serious safety risk to its driver, occupants, and other
3    drivers and occupants on the roadways."); Opp'n 16–17.
4           Third, MBUSA argues that the allegations do not show that MBUSA knew of or actively
5    concealed the supposed defect. MTD 16–20. Plaintiffs allege that MBUSA received numerous
6    customer complaints about the transmission defect; that the same transmission system was sold
7    abroad for five years before it was sold in the United States, during which foreign drivers
8    submitted the same complaints; that MBUSA circulated numerous internal technical bulletins
9    about the defect; and that MBUSA "rigged the car's codes . . . so that the customer would be
10   unable to discern the true nature of the defect even if and when the car went into "Limp Mode."
11   FACT ¶¶ 16–22; Opp'n 16–20. The Court finds that Plaintiffs have sufficiently alleged that
12   MBUSA knew of and actively concealed the defect (although, as noted above, Plaintiffs will bear
13   the burden of proving their allegations).
14          Fourth, MBUSA argues that Plaintiffs' request for injunctive relief must be dismissed
15   because "the alleged harms that plaintiffs seek to enjoin are entirely in the past." MTD 24.
16   Plaintiffs respond that they continue to be owners of vehicles containing the defective
17   transmissions, and that "each vehicle remains subject to suffering the same defect in the future."
18   Opp'n 23. As a result, Plaintiffs argue that they "have no choice but to use the same 722.9 7G-
19   Tronic automatic transmission parts, making the possibility of future harm realistic." Id. The Court
20   agrees that Plaintiffs have alleged a concrete threat of repeated injury.
21          Accordingly, the Court finds that Plaintiffs have adequately stated claims for CLRA, UCL,
22   and KCPA violations.
23          MBUSA also argues that Plaintiffs' CLRA claim must be dismissed for failure to comply
24   with the requirement to file a venue affidavit. MTD 25; see Cal. Civ. Code § 1780(d) ("[I]n any
25   action [under the CLRA], concurrently with the filing of the complaint, the plaintiff shall file an
26   affidavit stating facts showing that the action has been commenced in a county described in this
27   section as a proper place for the trial of the action."). The Court agrees. Plaintiffs' CLRA claim

Case No.: 5:16-cv-03370-EJD
ORDER DENYING DEFENDANT'S MOTION TO DISMISS
5

will be dismissed without prejudice because they did not file the required affidavit.

## IV. CONCLUSION

MBUSA's motion to dismiss is DENIED, except as to Plaintiffs' CLRA claim, which is dismissed without prejudice for failure to file a venue affidavit. Plaintiffs may amend their complaint within twenty days solely to correct this defect.

**IT IS SO ORDERED.**

Dated: September 20, 2017

EDWARD J. DAVILA
United States District Judge