UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TERRY HAMM, et al.,<br><br>       Plaintiffs,<br><br>v.<br><br>MERCEDES-BENZ USA, LLC,<br><br>       Defendant. | Case No. 5:16-cv-03370-EJD<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR SANCTIONS; DENYING PLAINTIFF'S REQUEST FOR SANCTIONS**<br><br>Re: Dkt. No. 112 |

Pending before the Court is Defendant Mercedes-Benz USA, LLC's ("MBUSA") motion for sanctions under Fed. R. Civ. P. 11(b) and Civil Local Rule 7-8. MBUSA contends that Plaintiff's counsel misleadingly characterized an e-mail attachment prepared by an unrelated third-party as a MBUSA "internal document" that purportedly showed that the existence of the alleged defective car transmission is "not in dispute." MBUSA's Mot. for Sanctions at 6, Dkt. No. 112. As a sanction, MBUSA seeks an award of reasonable attorney's fees and costs incurred as a result of Plaintiff's counsel's conduct. *Id*. Plaintiff filed an opposition, which includes a request for sanctions against MBUSA (Dkt. No. 116), and MBUSA filed a reply (Dkt. No. 119). The Court finds it appropriate to take the motion under submission for decision pursuant to Civil Local Rule 7-1(b). For the reasons stated below, MBUSA's motion is DENIED and Plaintiff's request for sanctions is DENIED.

**I.    BACKGROUND**

Plaintiff's counsel submitted a document referred to by MBUSA as the "Beckmann

1  Document" in opposition to MBUSA's motion to strike Plaintiff's experts D.C. Sharp and Murat

2  Okcuoglu. *See* Ex. 1 to Decl. of Pl.'s Counsel re Okcuoglu, Dkt. No. 106-2; Ex. 3 to Decl. of Pl.'s

3  Counsel re Sharp, Dkt. No. 105-5. The portion of the Beckmann Document that Plaintiff relied

4  upon is attached to a June 7, 2011 cover email from Robert Beckmann ("Beckmann") of

5  Beckmann Technologies, a third-party independent servicer, to paul.nitsche@mbusa.com. Dkt.

6  No. 106-2 at 2. At the time, Paul Nitsche ("Nitsche") was MBUSA's Department Manager. Opp'n

7  at 3. Beckmann states in the body of the cover email that the attachment outlines "the issues

8  regarding the 722.9 electronics assembly as I see them," and expresses his opinion that this

9  component "is a big problem" for his customers. Dkt. No. 106-2 at 2.

10  MBUSA contends that Plaintiff's counsel misleadingly characterized and quoted from a

11  page of Beckmann Document that is Bates-stamped HAMM_MBUSA_02331. That page of the

12  Beckmann Document states:

> **Mercedes 722.9XX Transmissions**
>
> Starting around 2002 Mercedes has integrated the transmission control electronics into the valve body assembly inside the transmission. . . . .
>
> Fast forward to 2010. ***Due to a metallurgy issue inside the transmissions all the electronic assemblies have started to fail. I mean ALL of them***. Many still under warranty. Not good for the manufacturer. In order to save costs MB has reevaluated the repair process last year and began to sell just the electronics assembly alone at a fire sale price. It gets better! The software to properly program the electronics was not working correctly and the cars didn't get fixed. Dealers started throwing the electronics in the trash and ordering the complete valve bodies again which were pre-programmed and worked fine. MB didn't like this since new valve body =$1200, electronics = $150 WARRANTY.

22  Dkt. No. 106-2, at Bates-stamp HAMM_MBUSA_002331 (emphasis added).

23  MBUSA contends that Plaintiff's counsel falsely claimed that the Beckmann Document is

24  MBUSA "acknowledg[ing] that all 722.9 transmissions are defective" and that "[t]he existence of

25  a defect is not in dispute." MBUSA's Mot. for Sanctions at 2 (quoting Pl. Opp. to Mot. to Strike

26  Okcuoglu at 7:1-5, Dkt. 106). MBUSA also faults Plaintiff's counsel for making the following

27  Case No.: 5:16-cv-03370-EJD
28  ORDER DENYING DEFENDANT'S MOTION FOR SANCTIONS; DENYING PLAINTIFF'S REQUEST FOR SANCTIONS

2

allegedly misleading statements:

- "MBUSA, however, overlooks Hamm's actual claim that all 722.9 transmissions . . . were defective. And, Hamm's claim is borne out by **MBUSA's own documents** produced in this litigation. [citing and quoting the Beckmann Document]. While MBUSA may now attempt to argue against **its own internal documents** . . . ." Dkt. 105 (Plaintiff's Opposition to MBUSA's Motion to Strike the Report of D.C. Sharp) at 18 (emphasis added);

- "Indeed, that such a defect exists across the 722.9 transmission equipping the Class Vehicles is **not even subject to reasonable dispute. MBUSA's own internal documents** produced in this litigation **confirm** as much." Dkt. 106 (Plaintiff's Opposition to MBUSA's Motion to Strike the Expert Report of Murat Okcuoglu) at 1 (citing and quoting the Beckmann Document, as opposed to anything written by MBUSA);

- "Here, Hamm has pled and **MBUSA's documents acknowledge** that all 722.9 transmissions are defective [citing and quoting the Beckmann Document, as opposed to anything written by MBUSA]. The existence of a defect is **not in dispute**." *Id*. at 7 (emphasis added).

MBUSA's Mot. for Sanctions at 5-6. MBUSA contends the allegedly misleading characterizations of the Beckmann Document are egregious not only because Plaintiff's counsel knew that the Beckmann Document was an external document emailed to MBUSA by Beckmann and that Beckmann did not speak on behalf of MBUSA, but because Plaintiff's counsel knew that MBUSA disputed the assertions made by Beckmann.

## II. STANDARDS

Federal Rule of Civil Procedure 11 provides in pertinent part that "[b]y presenting to the court a pleading, written motion, or other paper. . . an attorney. . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the factual contentions have evidentiary support." Fed. R. Civ. P. 11(b)(3). Rule 11 authorizes a court to sanction a party and the party's counsel for filing a pleading, written motion, or other paper lacking evidentiary support. Fed. R. Civ. P. 11(c). The sanction may take many forms, including reasonable attorney's fees and expenses, but must "must be limited to what

Case No.: 5:16-cv-03370-EJD
ORDER DENYING DEFENDANT'S MOTION FOR SANCTIONS; DENYING PLAINTIFF'S REQUEST FOR SANCTIONS

3

1  suffices to deter repetition of the conduct or comparable conduct by others similarly situated."

2  Fed. R. Civ. P. 11(c)(4).

3  **III.  DISCUSSION**

4  **A.  MBUSA's Motion**

5  MBUSA contends that Plaintiff and his counsel violated Rule 11 by falsely representing to

6  the Court that (1) the document prepared by third-party Beckmann of Beckmann Technologies is a

7  MBUSA "internal document," and (2) the document shows that the existence of the alleged defect

8  "is not in dispute." Mot. at 6. Plaintiff's counsel denies engaging in any sanctionable conduct, and

9  moreover, accuses MBUSA of filing a "scurrilous motion" that warrants sanctions against

10 MBUSA. Opp'n at 1.

11 The Court finds that Plaintiff's repeated characterization of the Beckmann Document as a

12 MBUSA "internal document" is misleading because it suggests that the Beckmann Document was

13 prepared or authorized by MBUSA and/or reflects MBUSA's opinions, when it does not.

14 Plaintiff's explanation—that the Beckmann Document is properly characterized as an MBUSA

15 "internal document" because it was produced by MBUSA from its own files during discovery—is

16 also misleading and dubious. Just because a third-party document was received by an MBUSA

17 employee, kept in MBUSA's files, and subsequently produced by MBUSA does not make it a

18 MBUSA "internal document," which suggest it was prepared by the company itself.

19 Nevertheless, the Court finds that Plaintiff's mischaracterization of the Beckmann

20 Document does not rise to the level of a Rule 11 violation because Plaintiff submitted Beckmann's

21 cover email with the Beckmann Document as one exhibit, and the cover email makes clear that the

22 Beckmann Document originated with Beckmann, not MBUSA. Moreover, Plaintiff accurately

23 described the Beckmann Document in his reply brief in support of the class certification motion.

24 Plaintiff makes clear in his reply brief that the Beckmann Document was sent via email to

25 MBUSA from one of MBUSA's "independent servicer[s]" and that MBUSA produced the

26 Beckmann Document to Plaintiff during this case. *See* Pl.'s Reply In Support of His Mot. for Class

27 Case No.: 5:16-cv-03370-EJD
28 ORDER DENYING DEFENDANT'S MOTION FOR SANCTIONS; DENYING PLAINTIFF'S REQUEST FOR SANCTIONS

4

Certification at 1:1-19, Dkt. No. 110. Were it not for Plaintiff's submission of Beckmann's cover email and the accurate description of the Beckmann Document in Plaintiff's reply brief, however, the Court would be inclined to impose sanctions.

The second allegedly misleading statement—that the Beckmann Document shows the alleged defect "is not in dispute"—is not misleading. In the context of the lawsuit, the Court understood Plaintiff's "is not in dispute" comment as nothing more than aggressive advocacy: that Plaintiff believed the Beckmann Document was indisputable evidence that the 722.9 transmission is defective. Although MBUSA may dispute the meaning or import of the Beckmann Document, the Document supports Plaintiff's theory of the case.

### B. Plaintiff's Request for Sanctions

Plaintiff seeks sanctions against MBUSA given "the utter baselessness of MBUSA's sanctions filing and the indefensible reputational attacks it levies against Hamm's counsel." Opp'n at 9. The Court does not share Plaintiff's view of the motion for reasons stated above. The personal invectives against Plaintiff's counsel, however, were inappropriate. Nevertheless, the Court declines to impose sanctions for the personal invectives with the expectation that MBUSA will refrain from such conduct in the future.

## IV. CONCLUSION

MBUSA's motion for sanctions is DENIED. Plaintiff's request for sanctions is also DENIED.

**IT IS SO ORDERED.**

Dated: April 8, 2021

EDWARD J. DAVILA
United States District Judge

Case No.: 5:16-cv-03370-EJD
ORDER DENYING DEFENDANT'S MOTION FOR SANCTIONS; DENYING PLAINTIFF'S REQUEST FOR SANCTIONS
5