UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TERRY HAMM, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MERCEDES-BENZ USA, LLC,<br><br>Defendant. | Case No. 5:16-cv-03370-EJD<br><br>**ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS; DEEMING MOOT MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. Nos. 129, 130 |

In this putative class action, Plaintiff Terry Hamm ("Plaintiff") alleges that Defendant Mercedes-Benz USA, LLC ("Defendant" or "MBUSA") knew of and actively concealed defects in vehicle transmission systems. Presently before the Court are (1) Defendant's motion for judgment on the pleadings (ECF 130), and (2) Plaintiff's motion for partial reconsideration of the Court's order denying class certification (ECF 129). For the reasons stated below, the motion for judgment on the pleadings is granted and the motion for partial reconsideration is denied as moot.

## I. BACKGROUND

Plaintiff is an owner of a Mercedes-Benz vehicle equipped with an allegedly defective automatic transmission known as the 722.9 7G-Tronic transmission. Second Amended Complaint ("SAC") ¶ 1, Dkt. No. 34. He purchased his used Mercedes-Benz 2006 CLK350 vehicle in December 2012 from Stevens Creek Toyota in San Jose, California, and is the fourth owner. The alleged transmission defect typically manifests itself outside the 4 year/50,000 mile duration of MBUSA's New Vehicle Limited Warranty. *Id*. The alleged defect causes Mercedes-Benz vehicles with the 722.9 transmission to enter "limp mode" in which their vehicles cannot shift or

1  accelerate.  *Id.*  Plaintiff's transmission failed by exhibiting the defect at issue.  *Id.* ¶ 6.  He paid
2  over $1000 for a replacement of the transmission's conductor plate and reprogramming of its
3  valve body.  *Id.*  Plaintiff asserts claims under California's Consumer Legal Remedies Act
4  ("CLRA") and Unfair Competition Law ("UCL").

## II.   STANDARDS

After the pleadings are closed, any party may move for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).  A Rule 12(c) motion challenges the legal sufficiency of the opposing party's pleadings and operates like a motion to dismiss under Rule 12(b)(6).  *Morgan v. Cty. of Yolo*, 436 F. Supp. 2d 1152, 1154–55 (E.D. Cal. 2006).  Judgment on the pleadings is appropriate if, assuming the truth of all materials facts pled in the complaint, the moving party is nonetheless entitled to judgment as a matter of law.  *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1989).

## III.  DISCUSSION

Under *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834 (9th Cir. 2020), Plaintiff's claims for equitable relief fail as a matter of law because he does not and cannot plead facts showing he lacks an adequate remedy at law.  Plaintiff's SAC does not allege facts showing he lacks an adequate remedy at law.  As to the CLRA claim, the SAC alleges in pertinent part:

> 33. Defendant's acts in violation of the CLRA injured and harmed the California Plaintiffs and the members of the California subclass. All members of the California subclass have been left to drive vehicles with a defective transmission, resulting in the California subclass members having to *either expend money for, inter alia, the repair or replacement of the transmission components and/or having been left with a vehicle of diminished value* due to the defective nature of the 722.9 transmission found in the Class Vehicles.
>
> 34. Defendant has therefore violated the Consumers Legal Remedies Act, and the California Plaintiffs pray for *monetary damages*, as well as declaratory, equitable and injunctive relief, as well as an award of attorneys' fees and costs, as authorized by that Act.

SAC ¶¶ 33-34 (emphasis added).  Despite the explicit reference to monetary damages, Plaintiff contends that Defendant's motion for judgment on the pleadings should be denied for essentially

**CASE NO.: 5:16-CV-03370-EJD**
ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS; DEEMING MOOT MOTION FOR RECONSIDERATION

2

two reasons. First, Plaintiff argues that *Sonner* is inapplicable because unlike in *Sonner*, he seeks "CLRA money damages . . . for a different and separate injury and in a different form and amount than the equitable redress he seeks in the form of injunctive, declaratory and restitutionary relief under the UCL." Opp'n at 1. The SAC indicates otherwise. As to the UCL claim, the SAC alleges in pertinent part:

> 40. As a direct, proximate, and foreseeable result of Mercedes' unlawful and/or deceptive business practice, the California Plaintiffs and the California subclass members have sustained an ascertainable loss, in that: *they are left with, or have paid, an expense of thousands of dollars to have their vehicles repaired to remedy the defective transmission*; *their vehicles have sustained a loss or diminution of value* as a result of this undisclosed defect; and, have or will incur incidental expenses attributable to the loss of use of the vehicle during the time that the vehicles are being repaired.
>
> 41. Moreover, because of Mercedes' unlawful and/or deceptive business practices, *class members conveyed moneys and benefits to Mercedes in the form of either the purchase price or lease payments for their vehicles and/or the repair and parts costs for their vehicles to repair the damage* caused by the defect at issue.
>
> 42. The California Plaintiffs and the class members are entitled to and do seek *an order of restitution forcing Mercedes to restore to them the benefits and monies they conveyed to Mercedes in connection with their purchase of the subject vehicles or any repair or replacement of the defective transmission of these vehicles*.

*Id.* ¶¶ 40-42 (emphasis added). As pled, both the CLRA and UCL claims seek redress in the form of (1) Plaintiff's out-of-pocket expenses for the repair of his vehicle and/or (2) the diminution in value of his vehicle. Thus, the availability of an adequate legal remedy is clear from the face of the SAC and dictates dismissal of the UCL claim. *In re MacBook Keyboard Litig.*, No. 18-2813-EJD, 2020 WL 6047253, at * 4 (N.D. Cal. Oct. 13, 2020); *see also Barrett v. Apple Inc.*, 523 F. Supp. 3d 1132, 1157 (N.D. Cal. Mar. 4, 2021) ("The *Sonner* court held that for a party to bring equitable relief claims under the UCL and CLRA, the party must sufficiently allege a lack of legal remedy in order to survive a motion to dismiss."); *Williams v. Apple*, No. 19-4700-LHK, 2020 WL 6743911, at * 10 (N.D. Cal. Nov. 17, 2020) (dismissing UCL claim that was duplicative of claim for breach of contract for money damages); *Clark v. Am. Honda Motor Co.*, 528 F. Supp. 3d 1108,

**CASE NO.: 5:16-CV-03370-EJD**
ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS; DEEMING MOOT MOTION FOR RECONSIDERATION

3

1   1121 (C.D. Cal. Mar. 25, 2021) ("Plaintiffs' claims for equitable relief must be dismissed

2   [because] Plaintiffs have not pointed to any allegation in the Complaint pleading that they lack an

3   adequate remedy at law."); *Adams v. Cole Haan LLC*, No. 20-913-JVS, 2020 WL 5648605, at *2-

4   3 (C.D. Cal. Sept. 3, 2020) ("The clear rule in *Sonner* that plaintiffs must plead the inadequacy of

5   legal remedies before requesting equitable relief applies. . . . The problem for Adams is that her

6   complaint does not provide any allegations that explain why she will be irreparably harmed should

7   the Court not grant equitable relief."); *Zaback v. Kellogg Sales Co.*, No. 20-268-BEN, 2020 WL

8   6381987, *4 (S.D. Cal. Oct. 29, 2020) (dismissing a UCL claim for injunctive relief because the

9   plaintiff failed to allege that there was no adequate remedy at law).

10   The two cases Plaintiff relies on are distinguishable from the present case. In *Elgindy v.

11   AGA Service Co.*, 2021 WL 1176535, at *15 (N.D. Cal. Mar. 29, 2021), the court dismissed the

12   common-law fraud claims, and thus the plaintiffs lost their ability to pursue damages. Under these

13   circumstances, the plaintiffs were able to pursue equitable remedies under the UCL. In contrast,

14   Plaintiff in this case has pled a CLRA claim, which enables him to pursue damages in the form of

15   out-of-pocket costs and/or diminution in value. In *In re: Juul Labs, Inc., Mktg, Sales Practices,*

16   *and Prods. Liab. Litig.*, 497 F. Supp. 3d 552, 638 (N.D. Cal. 2020), the court noted that *Sonner*

17   was inapposite, but ultimately gave plaintiffs leave to amend to expressly allege that their

18   remedies at law were inadequate and to support their claim to equitable restitution under the UCL

19   and California's False Advertising Law.

20   Plaintiff next contends that the repair costs are compensable only as equitable restitution,

21   but the caselaw is to the contrary. Courts routinely characterize out-of-pocket repair costs as

22   damages in cases involving automotive defects. *See e.g.*, *Nguyen v. Nissan N. Am., Inc.*, 932 F.3d

23   811, 821 (9th Cir. 2019) ("Plaintiff has demonstrated the nexus between his legal theory—that

24   Nissan violated California law by selling vehicles with a defective clutch system that was not

25   reflected in the sale price—and his damages model—the average cost of repair."); *Gibson v.*

26   *Jaguar Land Rover N. Am.*, No. 20-769-CJC, 2020 WL 5492990, at *9 (C.D. Cal. Sept. 9, 2020)

27   **CASE NO.: 5:16-CV-03370-EJD**
28   ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS; DEEMING MOOT MOTION FOR RECONSIDERATION

4

(dismissing equitable claims where nothing in the complaint suggested monetary damages were insufficient to compensate plaintiffs for repair of vehicles ); *Sloan v. GM LLC*, No. 2020 WL 1955643, at *48 (N.D. Cal. Apr. 23, 2020) (("[B]enefit-of-the-bargain theories . . . are a classic measure of damages in both contract and tort contexts. . . . One obvious measure of such damages is the cost to repair the defective product."); *Falco v. Nissan N. Am., Inc.*, No. 13-686 DDP, 2016 WL 1327474, at *37 (C.D. Cal. Apr. 5, 2016) (reimbursement of repair costs would provide vehicle purchasers with "the benefit of their bargain because they would be put in the same position they would have been had the car not been sold with the [alleged defect]"); *Mui Ho v. Toyota Motor Corp.*, 931 F. Supp. 2d 987, 999 (N.D. Cal. 2013) ("Plaintiffs pled facts showing adequate grounds for damages based on costs of repair."); *Falk v. GMC*, 496 F. Supp. 2d 1088, 1099 (N.D. Cal. 2007) (characterizing as "damages" plaintiffs' alleged "expense of replacing their speedometers"); *Trew v. Volvo Cars of N. Am.*, No. S-051379DFLPAN, 2006 WL 306904, at *4 (E.D. Cal. Feb. 8, 2006) ("Plaintiffs' claim for reimbursement of the cost of cleaning or replacing their defective ETMs is a classic claim for damages, not restitution.").

Even if Plaintiff is correct that repair costs are unavailable as damages for his CLRA claim, Plaintiff has not shown that monetary damages for diminished value or benefit-of-the-bargain losses would be an inadequate remedy at law for him. To the contrary, Plaintiff has argued that he seeks to recover damages equal to the amount he purportedly overpaid in purchasing his vehicle. ECF 92 at 25-27. Plaintiff proffered an expert who "compare[d] the value diminution in vehicles equipped with the now-disclosed defective transmission relative to Mercedes vehicles equipped with another type of automatic transmission about which there are no defect allegations." *Id.* at 27.

Plaintiff also contends that the injunctive relief he seeks under the UCL is separate and distinct from remedies at law. Specifically, Plaintiff seeks declaratory relief and an injunction forcing Defendant to acknowledge the alleged defect, which Plaintiff contends will trigger Defendant's obligations under its new Vehicle Limited Warranty to replace at its expense the

**CASE NO.: 5:16-CV-03370-EJD**
ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS; DEEMING MOOT MOTION FOR RECONSIDERATION

5

defective parts, and may trigger a safety recall under federal law. This argument has been rejected by several courts. *See e.g.*, *Philips v. Ford Motor Co.*, 2016 U.S. Dist. LEXIS 177672, at *83 (N.D. Cal. Dec. 22, 2016), *aff'd*, 726 F. App'x 608 (9th Cir. 2018) (the ordinary and more appropriate relief is monetary damages, "not a mandatory injunction requiring Ford to uniformly repair and/or replace" a defect in every vehicle); *Williams v. Tesla, Inc.*, No. 20-8208-HSG, 2021 WL 2531177, at *8 (N.D. Cal. June 21, 2021) (dismissing equitable claims where plaintiff alleged that Tesla's failure to disclose an alleged defect defrauded him into purchasing his vehicle and caused him to pay out-of-pocket to repair the alleged defect); *Sharma v. Volkswagen AG*, 524 F. Supp. 3d 891, 908-09 (N.D. Cal. Mar. 9, 2021) (applying *Sonner* to dismiss claim for injunctive relief seeking mandatory repair of alleged defect and/or buyback of class vehicles); *Clark*, 528 F. Supp. 3d at 1121 (same). Further, Plaintiff has not alleged facts to show he has standing to seek injunctive and declaratory relief. More specifically, he has not alleged facts to show he is threatened by repetition of Defendant's alleged unlawful conduct.

Second, Plaintiff argues that *Sonner* is inapplicable given the posture of the case. Plaintiff reasons that because the Court has denied class certification of the CLRA claim,[1] he may only pursue equitable relief under the UCL. This is incorrect. The ruling on class certification does not preclude Plaintiff from pursuing his individual CLRA claim. Plaintiff has a CLRA claim for damages available to him in his individual capacity. Plaintiff has not shown that the legal remedies available to him are inadequate. Under *Sonner*, Plaintiff's individual UCL claim must be dismissed.

## IV.   CONCLUSION

Defendant's motion for judgment on the pleadings is GRANTED. Plaintiff's UCL claim is dismissed with prejudice. Plaintiff's CLRA claim is also dismissed with prejudice to the extent it seeks equitable relief. Because Plaintiff's UCL claim is dismissed, Plaintiff lacks standing to seek

---

[1] Plaintiff's motion for reconsideration is directed at the Court's denial of class certification of his UCL claim, not his CLRA claim.

CASE NO.: **5:16-CV-03370-EJD**
ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS; DEEMING MOOT MOTION FOR RECONSIDERATION

6

certification of such claim on behalf of the putative class.  *See*, *e.g.*, *In re Ditropan XL Antitrust Litig.*, 529 F. Supp. 2d 1098, 1107 (N.D. Cal. 2007) ("[A]t least one named plaintiff must have standing with respect to each claim the class representatives seek to bring.").  It follows that Plaintiff's motion for partial reconsideration of the Court's order denying class certification is DENIED as moot.

**IT IS SO ORDERED.**

Dated:  March 29, 2022

EDWARD J. DAVILA
United States District Judge

**CASE NO.: 5:16-CV-03370-EJD**
ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS; DEEMING MOOT MOTION FOR RECONSIDERATION

7