UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TERRY HAMM, et al.,<br><br>   Plaintiffs,<br><br> v.<br><br>MERCEDES-BENZ USA, LLC,<br><br>   Defendant. | Case No.   5:16-cv-03370-EJD<br><br>**ORDER DENYING MOTION FOR PARTIAL RECONSIDERATION**<br><br>Re: ECF No. 156 |

Before the Court is Plaintiff Terry Hamm's motion for partial reconsideration of the Court's order denying his motion for class certification, ECF No. 124 ("Class Certification Order" or "CC Order"). Hamm argues that the Court erred in determining that he is not typical of the class and that individual questions of reliance predominate common questions for his California Consumers Legal Remedies Act ("CLRA") claim. *See* ECF No. 156 ("Mot."). Upon review of the parties' reconsideration briefing, the Class Certification Order, and the parties' class certification briefing and evidence, the Court DENIES the motion for partial reconsideration. The Court also clarifies for the parties that this denial, and the Court's denial of class certification in its Class Certification Order, are without prejudice to Hamm's ability to renew his motion for class certification if he can remedy the deficiencies that the Court has identified.

**I.   BACKGROUND**

The Court recounted the full factual background of this case in its Class Certification Order, CC Order at 2–3, and therefore only summarizes Hamm's claims and allegations here. In short, Hamm alleges omissions against Defendant Mercedes-Benz USA, LLC ("MBUSA"). Specifically, he alleges that MBUSA equipped certain of the vehicles it manufactured with a

Case No.:   5:16-cv-03370-EJD
ORDER DEN. MOT. FOR PARTIAL RECONSIDERATION
1

1    defective automatic transmission—the 722.9 7G-Tronic transmission—and that MBUSA knew of

2    the defect but failed to disclose it in violation of the CLRA and the California Unfair Competition

3    Law ("UCL"). Second Am. Compl. ("SAC") ¶¶ 1, 30–42, ECF No. 34.

4        On April 2, 2021, the Court denied Hamm's motion for class certification. *See* CC Order.

5    In so ruling, the Court found that Hamm had met his burden to show numerosity, commonality,

6    and adequacy under Federal Rule of Civil Procedure 23(a). *Id.* at 5–9. It also found that, under

7    Federal Rule of Civil Procedure 23(b)(3), individual questions did not predominate for purposes of

8    proving a common defect, MBUSA's knowledge of the alleged defect, and for calculation of

9    damages. *Id.* at 14–20. However, the Court narrowed Hamm's proposed class definitions on

10   ascertainability grounds, *id.* at 9–13, and concluded that a class could not be certified because

11   Hamm was not typical and individual questions respecting reliance predominated over common

12   questions. *Id.* at 7–8, 20–23. And because Hamm failed to satisfy predominance under Rule

13   23(b)(3), the Court did not reach the issue of superiority. *See generally id.*

14       Subsequently, Hamm moved for leave to file a motion for partial reconsideration of the

15   Class Certification Order with regard to his UCL claim. ECF No. 125. The Court granted leave,

16   and Hamm filed his motion for partial reconsideration. ECF Nos. 128, 129. While this motion for

17   reconsideration was pending, MBUSA moved for judgment on the pleadings as to Hamm's UCL

18   claim. ECF No. 130. The Court granted MBUSA's motion, dismissing Hamm's UCL claim

19   because Hamm sought equitable relief via his UCL claim despite having an adequate remedy at

20   law. ECF No. 148. As a result, Hamm's motion for partial reconsideration on his UCL claim was

21   mooted. *Id.*

22       Following this decision, Hamm once more moved for leave to file a motion for partial

23   reconsideration of the Court's denial of class certification, this time with regard to his CLRA

24   claim. ECF No. 154. The Court again granted leave, and Hamm's second motion for partial

25   reconsideration is now before the Court. ECF Nos. 155, 156.

26   **II.   LEGAL STANDARD**

27       Motions for reconsideration of interlocutory orders are governed by Civil Local Rule 7-9.

28

*Barker v. Insight Glob., LLC*, Case No. 16-cv-07186-BLF, 2019 WL 176260, at *2 (N.D. Cal. Jan. 11, 2019). Local Rule 7-9 provides three grounds for reconsideration: "(1) a material difference in fact or law exists from that which was presented to the court, which, in the exercise of reasonable diligence, the moving party did not know at the time of the order for which reconsideration is sought; (2) the emergence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the court to consider material facts or dispositive legal arguments." *Id.* (citing Civil L.R. 7-9(b)).

### III.  DISCUSSION

#### A.  Typicality

Federal Rule of Civil Procedure 23(a)(3) requires a representative party to demonstrate that her "claims or defenses . . . are typical of the claims or defenses of the class" before a court may grant certification. Fed. R. Civ. P. 23(a)(3). To satisfy typicality, the class representative's claims and defenses need only be "reasonably coextensive" with those of absent class members and "need not be substantially identical." *Just Film, Inc. v. Buono*, 847 F.3d 1108, 1116 (9th Cir. 2017) (quoting *Parsons v. Ryan*, 754 F.3d 657, 685 (9th Cir. 2014)). Nonetheless, certifying a class is not appropriate when "there is a danger that absent class members will suffer [because] their representative is preoccupied with defenses unique to it." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citation omitted).

At issue in this motion for reconsideration is the Court's conclusion that Hamm is atypical because he is subject to the unique defense of non-reliance. CC Order at 7–8. To prove his CLRA claim, Hamm must demonstrate actual reliance on MBUSA's alleged omission. *Daniel v. Ford Motor Co.*, 806 F.3d 1217, 1225 (9th Cir. 2015). That is, he must show "that, had the omitted information been disclosed, [he] would have been aware of it and behaved differently." *Id.* (quoting *Mirkin v. Wasserman*, 5 Cal. 4th 1082, 1093 (1993)). One way Hamm could establish reliance is to prove that the alleged omission is material, thereby creating a presumption of reliance. *Id.* However, like most presumptions, the presumption of reliance is rebuttable. *Lambert v. Nutraceutical Corp.*, No. CV 13-05942-AB (Ex), 2020 WL 12012559, at *8 (C.D. Cal.

Jan. 8, 2020).

In its Class Certification Order, the Court found that Hamm was subject to a non-reliance defense because he never interacted with MBUSA or reviewed any materials from MBUSA. CC Order at 8. Thus, "Hamm's awareness of any potential disclosure by MBUSA of the alleged defect may differ from the class members he seeks to represent." *Id.* Hamm makes two arguments for why the Court's analysis was erroneous. First, he argues that "the defense of non-reliance is <u>not</u> a basis for denial of class certification." Mot. at 8 (quoting *Hanon*, 976 F.2d at 509). Second, he contends that the Court failed to properly consider the fact that he claims MBUSA is liable for a wholesale omission. *Id.* at 8–9. From his perspective, this means that none of MBUSA's statements contained disclosures, making the question of his exposure to those statements immaterial. *Id.* Neither argument is availing.

The Court begins with Hamm's argument that a non-reliance defense does not defeat typicality. Although the language he quoted from *Hanon* can be read to support his argument, in context, it is clear the *Hanon* court did not go so far. *Hanon* relied on three citations to support its statement that "non-reliance is not a basis for denial of class certification." 976 F.2d at 509. Each explained that courts should not resolve the *merits* of claims on a certification motion, not that reliance falls outside the scope of a typicality analysis. For example, the footnote cited from *Blackie v. Barrack*, 524 F.2d 891, 901 n.17 (9th Cir. 1975), provided that "the court may not put the plaintiff to preliminary proof of his claim." Likewise, *In re Pizza Time Theatre Securities Litigation*, 112 F.R.D. 15, 22 (N.D. Cal. 1986), stood for the proposition that "the merits of the case [] cannot be considered in a certification motion," and *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177–78 (1974), stood for the proposition that "a motion for class certification is not the appropriate point at which to resolve the merits of a plaintiff's claim." *Hanon*, 976 F.2d at 509. Indeed, *Hanon* itself involved a reliance challenge to typicality and held the class representative to be atypical on that basis. *Id.* at 508–09 (observing that the class representative's "reliance on the integrity of the market would be subject to serious dispute as a result of his extensive experience in prior securities litigation, his relationship with his lawyers, his practice of buying a minimal

1    number shares of stock in various companies, and his uneconomical purchase of only ten shares of
2    stock in Dataproducts"). As such, *Hanon* says no more than that courts may not decide the merits
3    of a case at the class certification stage, and it was therefore appropriate for the Court to assess
4    reliance when analyzing typicality.

5    Hamm's next argument about the omission-based nature of his CLRA claim is no more
6    convincing. He relies principally on *Doyle v. Chrysler Group LLC*, No. SACV 13-00620 JVS
7    (ANx), 2014 WL 3361770 (C.D. Cal. July 3, 2014), to argue that "[u]nlike a case of a
8    *misrepresentation*, a *wholesale omission* CLRA case does not raise a reliance-based typicality
9    bar." Mot. at 9.[1] Even though *Doyle* lends support to that position, holding that the "argument
10   that [plaintiff] failed to read any materials about the [allegedly defective part] does not negate
11   reliance," the Court declines to follow its reasoning. 2014 WL 3361770, at *5. That is because
12   *Doyle* is at odds with current Ninth Circuit precedent. In *Daniel*, the Ninth Circuit held that the
13   reliance requirement of *Mirkin*—*i.e.*, the requirement for a plaintiff to show that, had the omitted
14   information been disclosed, she would have been aware of it and behaved differently—applies to
15   CLRA claims. 806 F.3d at 1225. *Doyle*, to the contrary, concluded that *Mirkin* does not apply to
16   CLRA claims. *Doyle*, 2014 WL 3361770, at *6. So, *Doyle* assumed that the only way to rebut the
17   presumption of reliance was to either challenge the plaintiff's allegations of defect or allegations
18   of omission; it did not consider whether *Mirkin* allows a defendant to challenge the presumption
19   by showing that a plaintiff would not have been aware of any disclosure. *Id.* While this approach
20   is understandable insofar as *Daniel* was decided after *Doyle*, the result is that *Doyle* is inconsistent
21   with current precedent.

22   Applying *Mirkin* to the facts of this case, the Court finds that reconsideration is not
23   warranted. Even assuming that MBUSA's alleged omission is material and that the presumption
24   of reliance applies, MBUSA has put forward sufficient evidence rebutting that presumption to

---

[1] Hamm's other two cited authorities are inapposite because they do not deal with the question of whether specific evidence can be used to rebut the presumption of reliance as to a particular plaintiff. *See Alger v. FCA US LLC*, 334 F.R.D. 415, 427 (E.D. Cal. 2020) (predominance analysis); *Banh v. Am. Honda Motor Co., Inc.*, No. 2:19-CV-05984-RGK-AS, 2020 WL 4390371, at *11 (C.D. Cal. July 28, 2020) (statement of law for choice of law analysis).

Case No.: 5:16-cv-03370-EJD
ORDER DEN. MOT. FOR PARTIAL RECONSIDERATION
5

demonstrate that non-reliance is a substantial defense against Hamm. In particular, it has offered evidence that Hamm purchased his class vehicle from a Toyota dealership rather than a Mercedes-Benz dealership, and that prior to purchase he did not view any MBUSA brochures or advertisements, the MBUSA website, the owner's manual, or the warranty booklet. Decl. of Eric J. Knapp, Ex. 2 ("Hamm Dep."), at 32:5–33:5, 58:23–59:24, 63:19–64:12, 66:19–67:10, ECF No. 100-3. Put another way, evidence shows that, before purchasing his vehicle, Hamm neither interacted with any MBUSA representative nor accessed any materials from MBUSA. In the absence of any contact with MBUSA's statements or representatives, it can hardly be said that "had the omitted information been disclosed [Hamm] would have been aware of it." *Mirkin*, 5 Cal. 4th at 1093. Although Hamm may be able to argue that he could have learned of disclosures through a third-party source rather than directly from MBUSA or its representatives, MBUSA has nonetheless presented enough evidence rebutting the presumption of reliance that Hamm will likely be "preoccupied with [non-reliance] defenses unique to [him]." *Hanon*, 976 F.2d at 508.

To be clear, the Court does not hold that *Mirkin* imposes any affirmative duty to investigate on CLRA plaintiffs. It finds only that, in these particular circumstances where the plaintiff did not have *any* exposure to the defendant's representatives or statements, there is a substantial enough question of reliance that the plaintiff is not typical of the class. Accordingly, the Court DENIES Hamm's motion for reconsideration.[2]

### B.   Predominance

Because the Court has found that Hamm is atypical, it need not address Hamm's argument that the Class Certification Order erred in its analysis of reliance for predominance purposes. However, in the interest of judicial efficiency, the Court makes three brief observations to guide the parties in the event that Hamm renews his motion for class certification.

---

[2] Hamm argues that, in the hearing for his first motion for partial reconsideration on his UCL claim, the Court admitted that it erred in its analysis of reliance. Mot. at 4. However, the Court's statements were directed only to Hamm's UCL claim, not his CLRA claim. And although the Court later asked Hamm whether he could have moved for reconsideration on the Court's analysis of his CLRA claim, such a spontaneous question, made without the benefit of briefing, is not a finding that reconsideration of the CLRA claim is warranted.

Case No.: 5:16-cv-03370-EJD
ORDER DEN. MOT. FOR PARTIAL RECONSIDERATION
6

1    First, although MBUSA argues that putative class members could have seen disclosures
2    present in owner's manuals prior to purchase, and that there must therefore be individualized
3    inquiries into whether class members did so, it has provided no evidence that class members did so
4    in any significant numbers.  Without such evidence, it is difficult for the Court to conclude that
5    individual questions would predominate—if a negligible number of class members viewed the
6    owner's manual, there would be little need to ask individualized questions about exposure to the
7    owner's manual.  *See Williams v. Apple, Inc.*, 338 F.R.D. 629, 648 (N.D. Cal. 2021) ("The Ninth
8    Circuit held that unless defendant had presented evidence that an affirmative defense would
9    require non-speculative individualized inquiries, the district court lacked discretion to deny class
10   certification based on that affirmative defense.") (cleaned up) (citing *True Health Chiropractic,*
11   *Inc. v. McKesson Corp.*, 896 F.3d 923, 932 (9th Cir. 2018)); *see also Daniel*, 806 F.3d at 1226 n.6
12   ("It would have been unlikely for Plaintiffs to review warranty, maintenance, and owner's
13   booklets that came with the new vehicles prior to purchase.  Consequently, those materials cannot
14   be considered in determining whether Plaintiffs would have been aware of a disclosure.").

15   Second, even assuming that there were a substantial enough number of class members who
16   read the owner's manuals to warrant asking individual questions on the issue, the owner's manuals
17   likely did not contain a relevant disclosure.  The purported disclosures that MBUSA relies on to
18   challenge reliance each discuss the presence of a "limp mode":

> If vehicle acceleration worsens or the transmission no longer shifts,
> the transmission is most likely operating in limp home (emergency
> operation) mode. In this mode only second gear and reverse gear can
> be activated.

22   *E.g.* Expert Rep. of Kevin Lane Keller ¶ 21, ECF No. 100-10.  However, this description of limp
23   mode does not disclose any defect in the transmission of Mercedes-Benz vehicles, even though
24   Hamm's theory of liability is that MBUSA omitted information about such defect.  SAC ¶ 1.
25   MBUSA points out that the Court previously held that the disclosures need not be about the
26   alleged defect, only that they reveal "limitations exist."  Opp'n to Mot. at 14, ECF No. 157.  In so
27   holding, the Court relied on *Mazza v. American Honda Motor Co.*, 666 F.3d 581 (9th Cir. 2012),

*overruled on other grounds by Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651 (9th Cir. 2022), and *Philips v. Ford Motor Co.*, No. 14-cv-02989-LHK, 2016 WL 7428810 (N.D. Cal. Dec. 22, 2016). CC Order at 22–23.

On further review, the Court is doubtful that *Mazza* is applicable in this circumstance. The *Mazza* plaintiffs' theory was that the defendant car manufacturer omitted information about the limitations of the braking systems installed in certain cars. 666 F.3d at 585. In that context, a disclosure that "limitations exist" would be a disclosure of the very fact that was allegedly omitted. Here, though, it was a transmission defect that was allegedly omitted, not inherent limitations in the functions of the transmission. And the Court does not read *Mazza* to say that the disclosure of functional limitations is equivalent to the disclosure of a defect. *See Mazza*, 666 F.3d at 595–96. For this reason, the Court is also reluctant to follow *Philips*, which relied on *Mazza*'s "limitations" language and therefore conflated *Mazza*'s omission of limitations theory with an omission of defect theory. 2016 WL 7428810, at *1, 16 (noting that plaintiffs alleged omission of a defect but nevertheless applying *Mazza*).

Finally, it is not obvious to the Court that it is appropriate to group individuals who purchased their vehicles from MBUSA or an authorized dealership with those individuals who purchased from unaffiliated dealerships or other third parties. While the presumption of reliance may be proper as to those who purchased from MBUSA because they would clearly have been exposed to MBUSA's statements, it is less clear that the presumption of reliance is appropriate as to those who purchased used vehicles from third parties, as Hamm's situation illustrates.

## IV.     CONCLUSION

For the reasons stated above, the Court DENIES Hamm's motion for reconsideration. If there was any confusion on the matter, the Court clarifies that its denial of class certification is without prejudice, and Hamm may renew his motion for class certification after addressing the deficiencies identified in this Order and the Class Certification Order. If Hamm renews his motion, the parties are advised that they should not reiterate arguments on the elements of class certification or other issues on which the Court already found in favor of Hamm, unless there has

Case No.: 5:16-cv-03370-EJD
ORDER DEN. MOT. FOR PARTIAL RECONSIDERATION
8

been an intervening change in law or further factual developments relevant to those elements or issues.

    The parties shall meet and confer regarding the schedule for this case and present the Court with a proposed schedule within ten (10) days of this Order.

**IT IS SO ORDERED.**

Dated: June 23, 2023

                                                  EDWARD J. DAVILA
United States District Judge