UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TERRY HAMM, et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>MERCEDES-BENZ USA, LLC,<br><br>　　　　　Defendant. | Case No.　5:16-cv-03370-EJD<br><br>**ORDER DENYING LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 189 |

Before the Court is Defendant Mercedes-Benz USA, LLC ("MBUSA")'s motion for leave to file a motion for reconsideration of the Court's order denying its motion to strike the expert report of Plaintiffs' expert, Murat Okcuoglu ("Prior Order"). Mot. for Leave to File Mot. for Recon. ("Mot. for Leave"), ECF No. 189; Mot. for Recon., ECF No. 189-1; Order Den. Mot. to Strike ("Prior Order"), ECF No. 124. MBUSA argues that reconsideration is warranted due to recent modifications to Federal Rule of Evidence 702(d) and the addition of the new Plaintiff, Steven Chan ("Chan"). *See* Mot. for Leave.

For the following reasons, the Court **DENIES** MBUSA's motion for leave to file a motion for reconsideration.

**I.　BACKGROUND**

Plaintiffs introduced Okcuoglu's expert report in support of their original motion for class certification. *See* Mot. for Class Cert., ECF No. 92. Okcuoglu's report provided a methodology for determining the existence of an alleged common defect plaguing the 722.9 transmissions. *Id.* MBUSA moved to strike this expert report, arguing in relevant part that Okcuoglu had not applied a reliable methodology to the facts of the case as required under Rule 702(d). Mot. to Strike 4–5, ECF No. 102.

Case No.:　5:16-cv-03370-EJD
ORDER DEN. LEAVE TO FILE MOT. FOR RECON.
1

1  On April 2, 2021, the Court denied MBUSA's motion to strike Okcuoglu's expert report. *See* Prior Order. The Court rejected MBUSA's argument regarding Okcuoglu's failure to apply his methodology to the facts of this case, finding that Okcuoglu is under no mandate to have completed his methodology at the class certification stage. Prior Order 25–26 (citing *In re Toyota Motor Corp. Hybrid Brake Mktg., Sales Pracs. & Prod. Liab. Litig.*, No. MDL 10-02172-CJC, 2012 WL 4904412, at *4 (C.D. Cal. Sept. 20, 2012) ("At the class certification stage an expert is not charged with resolving factual disputes or determining the merits of the case."); *Keegan v. Am. Honda Motor Co.*, 284 F.R.D. 504, 515 (C.D. Cal. 2012) (holding that "[o]n a motion for class certification, it is not necessary for the expert testimony to resolve factual disputes going to the merits of plaintiffs' claim or claims."); *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 983 (9th Cir. 2011); *Tait v. BSH Home Appliances Corp.*, 289 F.R.D. 466, 495 (C.D. Cal. 2012)). For purposes of Plaintiffs' motion for class certification, Okcuoglu was only required to present a sufficient methodology for determining the existence of the alleged common defect, which the Court found he accomplished. *Id.* at 25.

**II.  LEGAL STANDARD**

Motions for reconsideration of interlocutory orders are governed by Civil Local Rule 7-9. *Barker v. Insight Glob., LLC*, Case No. 16-cv-07186-BLF, 2019 WL 176260, at *2 (N.D. Cal. Jan. 11, 2019). Local Rule 7-9 provides three grounds for reconsideration: "(1) a material difference in fact or law exists from that which was presented to the court, which, in the exercise of reasonable diligence, the moving party did not know at the time of the order for which reconsideration is sought; (2) the emergence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the court to consider material facts or dispositive legal arguments." *Id.* (citing Civil L.R. 7-9(b)).

**III.  DISCUSSION**

MBUSA seeks reconsideration of the Prior Order due to (1) an intervening change in law and (2) the addition of new facts.

Case No.: 5:16-cv-03370-EJD
ORDER DEN. LEAVE TO FILE MOT. FOR RECON.
2

### A. Intervening Change in Law

Rule 702(d) was recently amended effective December 1, 2023. The additions are reflected in bold, and the deletion is reflected with a strikethrough:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise **if the proponent demonstrates to the court that it is more likely than not that**:
> [ . . . ]
> (d) the ~~expert has reliably applied~~ **expert's opinion reflects a reliable application of** the principles and methods to the facts of the case.

Fed. Rules Evid. Rule 702. MBUSA argues that these changes impose a new admissibility requirement that Okcuoglu must apply his proposed methodology to the facts of the case. Mot. for Recon. 3.

The Court finds that the changes to 702(d) do not alter the Court's prior conclusion. As an initial matter, Rule 702's requirement that experts apply their methodology to the facts of the case is not new. *See* Prior Order 25–26. This requirement existed at the time of the Prior Order, and the modifications made to Rule 702(d) do not impose any "new procedures," but instead merely "emphasize that each expert opinion must stay within the bounds of what can be concluded from a reliable application of the expert's basis and methodology." Fed. Rules of Evid. Rule 702, adv. comm. note 2.

But more importantly, Rule 702 governs expert testimony *admissibility*, and class certification is a unique posture where district courts are "license[d] greater evidentiary freedom" and are "not limited to considering only admissible evidence." *Sali v. Corona Reg'l Med. Ctr.*, 909 F.3d 996, 1005–06 (9th Cir. 2018). While district courts are permitted to inquire into the ultimate admissibility of factual evidence, this consideration should go only to the weight that evidence is given—the Ninth Circuit is clear that district courts shall not decline to consider evidence "solely on the basis of inadmissibility" at this stage. *Id.* at 1006.

Finally, MBUSA has not attempted to argue that the 702(d) revision alters the established case law that "an expert is not charged with resolving factual disputes or determining the merits of the case" at the class certification stage. *In re Toyota Motor Corp. Hybrid Brake Mktg.*, 2012 WL

Case No.: 5:16-cv-03370-EJD
ORDER DEN. LEAVE TO FILE MOT. FOR RECON.
3

4904412, at *4; *see also Keegan*, 284 F.R.D. at 515.

Therefore, the Court finds that the recent revision to Rule 702(d) does not warrant reconsideration of the Prior Order.

### B.   New Facts

MBUSA also maintains that the addition of Chan as a plaintiff mandates reconsideration because Okcuoglu's methodology cannot be applied to Chan. Mot. for Recon. 4–5. MBUSA argues that Okcuoglu's method—comparing the conductor plate found in a repair kit to other conductor plates of previous generations—would not work on Chan because his conductor plate is the same as the one found in the repair kit. *Id.*

The Court finds this argument moot given that the Court granted MBUSA's motion for summary judgment as to Chan's claim. *See* Order Granting in Part and Den. in Part Mot. to Dismiss; Granting Mot. for Summ. J.; Den. Mot. for Class Cert., ECF No. 203.

Therefore, the Court finds that the addition of Chan does not warrant reconsideration of the Prior Order.

### IV.   CONCLUSION

Based on the foregoing, the Court **DENIES** MBUSA's motion for leave to file a motion for reconsideration.

**IT IS SO ORDERED.**

Dated: June 26, 2024

EDWARD J. DAVILA
United States District Judge

Case No.: 5:16-cv-03370-EJD
ORDER DEN. LEAVE TO FILE MOT. FOR RECON.
4